AO 120 (Rev. 3/04)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___Delaware___ on the following   X  Patents or  ☐ Trademarks:

| DOCKET NO.<br>07cv259 | DATE FILED<br>05/14/2007 | U.S. DISTRICT COURT<br>DISTRICT OF DELAWARE |
|---|---|---|
| PLAINTIFF<br>Abbott Laboratories<br>Abbott Cardiovascular Systems Inc. | | DEFENDANT<br>Johnson and Johnson Inc.<br>Cordis Corporation |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | US 7,217,286 B2 | 05/15/2007 | Cordis Corporation |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading |
|---|---|

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

DECISION/JUDGEMENT

See memorandum opinion and order of 11/28/07 attached (DI NOS 25+26).

| CLERK<br>PETER T. DALLEO, CLERK OF COURT | (BY) DEPUTY CLERK<br>Francesca Passone | DATE<br>11/29/07 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director   Copy 4—Case file copy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON AND JOHNSON, INC. and CORDIS CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Civ. No. 06-613-SLR ) and ) Civ. No. 07-259-SLR ) ) ) ) |

Frederick L. Cottrell III, Esquire and Anne Shea Gaza, Esquire of Richards, Layton & Finger, Wilmington, Delaware. Counsel for Plaintiffs. Of Counsel: Edward A. Mas II, Esquire, Leland G. Hansen, Esquire, Sandra A. Frantzen, Esquire, and Christopher J. Buchko, Esquire of McAndrews, Held & Malloy, Ltd., Chicago, Illinois.

Steven J. Balick, Esquire, John G. Day, Esquire, Tiffany Geyer Lydon, Esquire, and Lauren E. Maguire, Esquire of Ashby & Geddes, Wilmington, Delaware. Counsel for Defendants. Of Counsel: David T. Pritikin, Esquire, William H. Baumgartner, Jr., Esquire, Russell E. Cass, Esquire, and Laura L. Kolb, Esquire of Sidley Austin LLP, Chicago, Illinois.

**MEMORANDUM OPINION**

Dated: November 28, 2007
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Abbott Laboratories and Abbott Cardiovascular Systems, Inc. (collectively, "Abbott") filed civil action no. 06-613 ("the 06-613 action") on September 26, 2006 against Johnson and Johnson, Inc. and Cordis Corporation (collectively, "J&J"). (Civ. No. 06-613, D.I. 1) Abbott sought a declaratory judgment that U.S. Patent Nos. 6,585,764 ("the '764 patent"), 6,776,796 ("the '796 patent"), and 6,808,536 ("the '536 patent") are invalid and not infringed by Abbott. (Id.) On May 15, 2007, the day that U.S. Patent No. 7,217,286 ("the '7286 patent") issued to defendant Cordis Corporation ("Cordis"),[1] Abbott moved for leave to file a supplemental complaint adding the '7286 patent to its declaratory judgment action. (Id., D.I. 43) Concurrently on May 15, 2005, Abbott filed civil action no. 07-256 ("the 07-256 action") in this court, a declaratory judgment action against J&J based on the '7286 patent. (Civ. No. 07-256, D.I. 1) Also that same day, J&J filed a patent infringement action in the United States District Court for the District of New Jersey[2] ("the first New Jersey action"), in which J&J asserts infringement of the '7286 patent.

Abbott has, on four separate occasions, supplemented its motion for leave to file an amended complaint in the 06-613 action; Abbott seeks to add declaratory judgment claims with respect to J&J's U.S. Patent Nos. 7,217,286 ("the '7286 patent") (Civ. No. 06-613, D.I. 43), 7,233,286 ("the '3286 patent") (id., D.I. 51), 7,229,473 ("the '473 patent") (id., D.I. 57), and 7,300,662 ("the '662 patent") (id., D.I. 90). Abbott has also

---

[1] Cordis states that it owns all rights, title, and interest in the patents in suit. (D.I. 68 at C)  Cordis is owned by defendant Johnson and Johnson, Inc.

[2] Civ. No. 07-2265

moved for leave to supplement its complaint to add declaratory judgment claims regarding the '3286, '473, and '662 patents to the 07-259 action. (Civ. No. 07-259, D.I.s 10, 15, 24)

Presently before the court are: (1) Abbott's motions for leave to supplement its complaints in each action; (2) Abbott's motion to enjoin J&J from prosecuting the New Jersey action, filed in both actions pending before this court (Civ. No. 06-613, D.I. 47; Civ. No. 07-259, D.I. 7);[3] and (3) J&J's motion to dismiss the 06-613 action based on a covenant not to sue (Civ. No. 06-613, D.I. 68).

## II. BACKGROUND

### A. Patents at Issue

The six patents at issue relate generally to drug-eluting coronary stents. Five of the patents at issue, the '536 and '764 patents named in the 06-613 action, and the '7286, '3286, and '473 patents that are the subjects of the pending motions, are all members of the same patent family. The '7286, '3286 and '473 patents issued from continuation applications each claiming priority to the '536 patent which, in turn, claims priority to the '764 patent. Each of these patents share a common specification.

### B. Timeline of Events

The 06-613 action was filed on September 26, 2006. (Civ. No. 06-613, D.I. 1) The '7286, '3286, and '473 patents issued on May 15, May 29, and June 12, 2007, respectively. On each of the days these patents issued, Abbott and Cordis raced to the courthouse to file motions to supplement or new civil actions. On August 30, 2007,

---

[3]The parties stipulate that Abbott's motion to enjoin covers all three of the New Jersey lawsuits. (D.I. 55 at 3)

2

Cordis executed a covenant not to sue Abbott for infringement of the '536, '764, or '796 patents for any drug-eluting stent containing the drug Everolimus or Zotarolimus, including Abbott's "Xience V" brand stent. (Id., D.I. 68, ex. C) The very next day, J&J moved to dismiss the 06-613 action for lack of subject matter jurisdiction, based on the covenant not to sue. (Id., D.I. 68)

In its memorandum order dated September 27, 2007, the court found that the covenant not to sue divests the court of declaratory judgment jurisdiction vis-a-vis the '536, '764, and '796 patents. (Id., D.I. 79) The court, therefore, retains subject matter jurisdiction over the 06-613 action only if Abbott's prior-filed motion for leave to supplement the complaint is granted. Should the court deny Abbott's leave to supplement the complaint in the 06-613 action, Abbott seeks consolidation of the two actions. (Id., D.I. 44 at 2)

### 1. Filings relating to the issuance of the '7286 patent

The PTO issued the '7286 patent on May 15, 2007. At 12:01 a.m., J&J electronically filed the first New Jersey action, in which it asserts that Abbott infringes the '6286 patent. (Id., D.I. 58, ex. 1, letter attached as ex. B thereto; D.I. 59, ex. 1, document attached as ex. A thereto)[4] Also at 12:01 a.m.,[5] Abbott electronically filed a

---

[4]Insofar as Abbott does not oppose J&J's request to supplement its answering brief to reference the document contained at D.I. 59, ex. 1 (Civ. No. 06-613, D.I. 65 at 1), J&J's motion to supplement its papers (Civ. No. 06-613, D.I. 62) is granted.

[5]The clerk's office for the United States District Court for the District of New Jersey has confirmed, in accordance with J&J's filing receipt (Civ. No. 06-613, D.I. 59, ex. 1, document attached as ex. A thereto), that the first New Jersey action was filed at 12:01 a.m. (id., document attached as ex. B thereto). Abbott does not contest this fact. The court has considered and dismissed Abbott's argument that the court disregard the declarations of Gale Raffield, who executed the electronic filings in question, and their

motion to supplement the complaint in the 06-613 action to add the '7286 patent or, in the alternative, to consolidate the 06-613 case with the 07-259 action. (Civ. No. 06-613, D.I. 43)  The 07-259 action did not, and could not, technically exist, however, until it was filed by Abbott eight hours later at 8:30 a.m. in the clerk's office for the District of Delaware.[6]  (Civ. No. 07-259, D.I. 1; Civ. No. 06-613, D.I. 48, ex. 9)  Three days later, Abbott filed, in both the 06-613 and 07-259 actions, motions to enjoin the prosecution of the first New Jersey action initiated by J&J. (Civ. No. 06-613, D.I. 47; Civ. No. 07-259, D.I. 7)

### 2. Filings relating to the issuance of the '3286 patent

The PTO issued the '3286 patent on May 29, 2007.  At 12:02 a.m. that morning, J&J filed an infringement action against Abbott in New Jersey based upon the '3286 patent ("the second New Jersey action").[7]  At 12:20 a.m., Abbott filed two motions. Abbott moved to supplement the complaint in the 07-259 action to add the '3286 patent. (Civ. No. 07-259, D.I. 10)  In addition, Abbott filed a supplemental motion to amend the complaint in the 06-613 action to add the '3286 patent or, alternatively, to consolidate the 06-613 case with the 07-259 action. (Civ. No. 06-613, D.I. 51)

---

attachments, which contain the letter from the district court's clerk's office in New Jersey. (Civ. No. 06-613, D.I. 65)  Specifically, the court disagrees that J&J's communications with the clerk's office in New Jersey, undertaken to clarify inconsistencies on the electronic filing receipts obtained by J&J, constitute improper ex parte communications.

[6]Parties may not electronically file civil complaints pursuant to the local rules of this district.  See Administrative Procedures Governing Filing and Service by Electronic Means, rev'd March 2005, available at http://www.ded.uscourts.gov/CMECF/CMECFMain.htm.

[7]Civ. No. 07-2477

4

### 3. Filings relating to the issuance of the '473 patent

The PTO issued the '473 patent on June 12, 2007. At 12:03 a.m. that morning, J&J filed an infringement action against Abbott in New Jersey based upon the '473 patent ("the third New Jersey action").[8] At 12:19 a.m., Abbott filed two motions. Abbott moved to supplement the complaint in the 07-259 action to add the '473 patent. (Civ. No. 07-259, D.I. 15) In addition, Abbott filed a second supplemental motion to amend the complaint in the 06-613 action to add the '473 patent or, alternatively, to consolidate the 06-613 case with the 07-259 action. (Civ. No. 06-613, D.I. 57)

### 4. Filings relating to the issuance of the '662 patent

The PTO issued the '662 patent on November 27, 2007. At 12:14 that morning, Abbott moved to supplement the complaint in the 07-259 action to add the '662 patent. (Civ. No. 07-259, D.I. 24) At 12:19 a.m., Abbott filed a third supplemental motion to amend the complaint in the 06-613 action to add the '662 patent or, alternatively, to consolidate the 06-613 case with the 07-259 action. (Civ. No. 06-613, D.I. 90) It is unclear at this time whether J&J has filed an infringement action against Abbott in New Jersey based upon the '662 patent.

### III. STANDARDS OF REVIEW

#### A. Motion to Amend

"[A]fter an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when

---

[8]Civ. No. 07-2728. Although J&J points to no record support for the time of its two subsequent New Jersey filings (Civ. No. 06-613, D.I. 58 at 10-11, ex. 6), Abbott does not contest either of these representations (id., D.I. 63).

justice so requires.' " Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P.15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chemical Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000).

### B. Motion to Dismiss

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). To that end, the court assumes that all factual allegations in a plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to plaintiff. See Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004). However, the court rejects "unsupported allegations," "bald assertions," and "legal conclusions." Id.

## IV. DISCUSSION

### A. Motion to Amend

As an initial matter, the court disagrees with Abbott's assertion that it first take up the motion to supplement the 06-613 complaint before considering the later-filed motions. (D.I. 63 at 14; D.I. 76 at 12) As discussed in the court's prior order, the covenant not to sue executed by J&J on the '536, '764, and '796 patents divests the court of declaratory judgment jurisdiction in the 06-613 action. That the covenant not to sue was executed after Abbott's motion to supplement does not justify ignoring the legal effect of that covenant at this juncture.[9]

### B. First-Filed Rule

Where proceedings involving the same parties and issues are pending simultaneously in different federal courts, the first to file rule requires the dismissal of the second-filed suit absent exceptional circumstances. See E.E.O.C. v. Univ. of PA, 850 F.2d 969, 976-79 (3d Cir. 1988). Having considered the evidence and arguments presented by the parties, the court concludes that J&J, the patent holder in this case, was the first to file suit regarding the '7286 patent. The court has considered, and rejected, Abbott's assertion that its 06-613 action, filed seven months earlier, should be deemed first-filed vis-a-vis the '7286 patent because those actions are "inextricably intertwined." (D.I. 58 at 10, 15; D.I. 63 at 15) The '7286 patent did not exist prior to May 15, 2007 and, therefore, no case or controversy existed with respect to the '7286

---

[9]The case cited by J&J on this issue, Cosden Oil & Chem. Co. v. Foster Grant Co., 432 F. Supp. 956 (D. Del. 1977), did not involve a covenant not to sue or other circumstances effectuating a divestiture of jurisdiction of the originally-filed claims.

patent prior to that date. See GAF Building Materials Corp. v. Elk Corp. of Dallas, 90 F.3d 479, 482-83 (Fed. Cir. 1996) ("[D]isputes concerning patent validity and infringement are necessarily hypothetical before patent issuance.") (affirming finding of district court that no subject matter jurisdiction existed at time of filing based on a patent that was "about to issue").[10]

Further, it would not be appropriate to apply the first-filed rule to the 06-613 action and the first New Jersey action, because those cases involve different patents. See Thales Airborne Systems S.A. v. Universal Avoinics Sys. Corp., No. Civ. A. 05-873, 2006 WL 1749399, *4 (D. Del. June 21, 2006) (citing Lab. Corp. of Am. Holdings v. Chiron Corp., 384 F.3d 1326, 1330 (Fed. Cir. 2004)).

Although forum shopping is a proper basis for departing from the first-filed rule, see E.E.O.C. v. Univ. of PA, 850 F.2d at 976, the court does not find this patent infringement action exceptional in any manner which could justify its departure from that rule. This case is replete with inferences of forum shopping by both parties.[11] Even if

---

[10]Similarly, the court finds Abbott's argument that the 07-259 action "relates back" to the 06-613 action, for purposes of its motion to amend, unpersuasive. (D.I. 76 at 15) That the '7286, '3286, and '473 patents are continuations to two of the patents originally named in the 06-613 action, and the same product (the Xience V stent) is at issue with respect to each of these patents, does not overcome the fact that jurisdiction did not exist with respect to any of the continuation patents until their issuance. See GAF, 90 F.3d at 482-83; see also Illinois Tool Works, Inc. v. Foster Grant Co., Inc., 395 F.Supp. 234, 251 (N.D. Ill. 1974), affirmed on the merits, 547 F.2d 1300 (7th Cir. 1976), cert. denied, 431 U.S. 929 (1977) ("An alleged infringement of one patent is not the 'same conduct, transaction or occurrence' as the alleged infringement of another patent.").

[11]The court notes that forum shopping has recently been legitimized by Congress, the bench and bar through the support given by members of each group to the pending legislation creating specialized patent courts, recently passed by the House of Representatives. See H.R. 1908, 110th Cong. (2007).

8

J&J's 12:01 a.m. filing of the first New Jersey action were to be considered the functional equivalent of Abbott's 8:30 a.m. filing of the 07-259 action in this district (and the court declines to find a "dead heat" in this instance), the winner of this race to the court house is the true plaintiff, not the declaratory judgment plaintiff, as this court respects the choices made by plaintiffs in choosing this state as a forum and must, therefore, respect their choice of a different forum. See, gen., Lony v. E.I. Du Pont de Nemours & Co., 935 F.2d 604, 609 (3d Cir. 1991) ("A plaintiff's choice of forum is normally due considerable deference") (citations omitted).

Because the first New Jersey action was the first-filed with respect to the '7286 patent, the court declines jurisdiction over the 07-259 action and, therefore, dismisses the action sua sponte. Abbott's motions for leave to supplement the complaint in the 07-259 action to include claims relating to the later-issued patents are denied.[12]

## V. CONCLUSION

In view of the foregoing, the court denies Abbott's motions to supplement the complaints in the 06-613 and 07-259 actions, and grants J&J's motion to dismiss the 06-613 action for lack of subject matter jurisdiction. The 07-259 action is also dismissed. In view of these rulings, the court also denies Abbott's motion to enjoin J&J from prosecuting the New Jersey litigation. An appropriate order shall issue.

---

[12]The court declines to take up Abbott's most recent motion for leave to supplement its complaint in the 07-259 action (to add claims regarding the '662 patent) prior to its disposition of this issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT LABORATORIES and<br>ABBOTT CARDIOVASCULAR<br>SYSTEMS, INC., | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Civ. No. 06-613-SLR<br>and |
| JOHNSON AND JOHNSON, INC. and<br>CORDIS CORPORATION, | )<br>)<br>) | Civ. No. 07-259-SLR |
| Defendants. | ) | |

**O R D E R**

At Wilmington this 28th day of November 2007, consistent with the memorandum opinion issued this same date;

IT IS ORDERED that:

1. Plaintiffs' motions for leave to supplement the complaint in the 06-613 action (D.I.s 43, 51, 57, 90) are denied.

2. Plaintiffs' motions for leave to supplement the complaint in the 07-259 action (D.I.s 10, 15, 24) are denied.

3. Plaintiffs' motion to enjoin defendants from prosecuting the New Jersey actions (Civ. No. 06-613, D.I. 47; Civ. No. 07-259, D.I. 7) is denied.

4. Defendants' motion to supplement (Civ. No. 06-613, D.I. 62) is granted.

5. Defendants' motion to dismiss the 06-613 action for lack of subject matter jurisdiction (D.I. 68) is granted.

6. The 07-259 action is dismissed.

_____
United States District Judge